**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 26, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Desmond G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-00918-CDA

Dear Counsel:

On March 20, 2025, Plaintiff Desmond G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025).  I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 13, and 14).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration.  This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on February 12, 2021, alleging a disability onset of September 15, 2017.  Tr. 18.  Plaintiff's claims were denied initially and on reconsideration.  Tr. 122, 134.  On October 24, 2023, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 17.  Following the hearing, on March 4, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame.  Tr. 15.  The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on March 20, 2025.  ECF 1.  Frank Bisignano became the Commissioner of Social Security on May 6, 2025.  Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).  *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Desmond G. v. Bisignano*
Civil No. 25-00918-CDA
March 26, 2026
Page 2

## II.      THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 15, 2017, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus with diabetic neuropathy, degenerative disc disease, herniated disc without myelopathy, chronic left-sided lumbar radiculopathy, chronic pain syndrome, motor vehicle accident, status post ankle injury, and obesity." Tr. 21. The ALJ also determined that Plaintiff's status post COVID-19 is a non-severe impairment. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb ramps, stairs, but not ladders, ropes, or scaffolds. He can occasionally balance, stoop, and crouch. He cannot kneel or crawl. He can frequently finger, handle, and reach. The claimant requires the option to sit and stand for up to five minutes throughout every hour, remaining on task, and would require the opportunity to use a single point can for ambulation.

Tr. 22. The ALJ determined that Plaintiff was unable to perform past relevant work as a laborer stores (DOT[3] #922.687-058), a composite job laborer stores (DOT #922.687-058), and industrial truck operator (DOT #921-687-050) but could perform other jobs that existed in significant numbers in the national economy. Tr. 33-34. Therefore, the ALJ concluded that Plaintiff was not

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Desmond G. v. Bisignano*
Civil No. 25-00918-CDA
March 26, 2026
Page 3

disabled.  Tr. 35.

### III.  <u>LEGAL STANDARD</u>

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  <u>ANALYSIS</u>

Plaintiff raises two arguments on appeal: that the ALJ's conclusions are not supported by substantial evidence and that the proper legal standards were not applied.  ECF 11, at 3. Specifically, Plaintiff contends that the RFC is unsupported because the ALJ's opinion lacked a narrative discussion and did not assess his work-related exertional activities on a function-by-function-basis as set forth in paragraph b of 20 C.F.R. § 404.1545, thus violating SSR 96-8p.  *Id.*, at 12, 17.  Plaintiff also argues that the ALJ improperly used their observations of Plaintiff at the hearing as the basis to reject the opinion of Plaintiff's treating physician, Dr. McClain.  *Id.*, at 18. Defendant counters that the ALJ was not required to perform a specific function-by-function assessment because "[t]he ALJ's discussion of the evidence provides sufficient insight into her thought process and analysis to perform meaningful judicial review."  ECF 13, at 8-9.

After carefully reviewing the record, the Court determines that the ALJ erred in assessing Plaintiff's RFC.  A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work."  20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform.  *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021).  As *Dowling* explains, "every conclusion reached by an ALJ

*Desmond G. v. Bisignano*
Civil No. 25-00918-CDA
March 26, 2026
Page 4

when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  986 F.3d at 387 (alteration in original) (citation omitted).  Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions.  *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff argues that in setting forth an RFC based on an exertional category, the ALJ did not document a function-by-function assessment of Plaintiff's ability, including his ability to sit, stand, walk, lift and carry on a regular and continuing basis.  ECF 11, at 12-13.  Instead, Plaintiff contends that the ALJ simply summarized the medical evidence of the record and "fail[ed] to relate it to the RFC determination in any meaningful way."  *Id.*, at 13.  Defendant counters that the ALJ's assessment is not deficient because it properly discussed and compared Plaintiff's testimony with evidence of record and "built a logical bridge from this evidence to [the] conclusion that Plaintiff could perform sedentary work."  ECF 13, at 16.

The Court agrees with Plaintiff that the ALJ's RFC lacks the support of substantial evidence.  A sedentary RFC "implies a capacity to sit for at least 6 hours in an 8-hour day[.]" *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) (citation and italics omitted); *accord* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.").  Here, the ALJ limited Plaintiff to sedentary work except that he could "occasionally climb ramps, stairs, but not ladders, ropes, or scaffolds. He can occasionally balance, stoop, and crouch. . . [,] requires the option to sit and stand for up to five minutes throughout every hour, remaining on task, and would require the opportunity to use a single point can for ambulation."  Tr. 22.  In coming to this RFC, the ALJ ignored Plaintiff's subjective complaints and, glaringly, the medical record evidence of Plaintiff's treating physician who noted that Plaintiff could "sit for a total of 15 minutes."  Tr. 29 (citing Exhibit 17F, at Tr. 957).  Instead, the ALJ relied on the opinions of two state agents who reviewed the Plaintiff's record, without providing a narrative of what these opinions stated nor how any inconsistencies with the Plaintiff's subjective complaints and medical records were resolved to create the RFC.  SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).  Because of the unreconciled internal consistencies in the ALJ's evaluation of this evidence, the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary.  *Rodney G. v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).

It is true that the Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis.  *See Mascio*, 780 F.3d at 636. However, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling*, 986 F.3d at 389.  Had the ALJ properly evaluated Plaintiff's ability to sit, they may have found Plaintiff to possess greater limitations that, in turn, could have altered the ultimate disability determination.  Thus, remand is

*Desmond G. v. Bisignano*
Civil No. 25-00918-CDA
March 26, 2026
Page 5

warranted.

Because the case is being remanded on other grounds, I need not address Plaintiff's other argument. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge